MEMORANDUM **
Ofelia Gomez-Villasenor, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo ineffective assistance of counsel claims. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.
We agree with the BIA that Gomez-Villasenor’s ineffective assistance of counsel claim fails because she did not establish that the outcome of her removal proceedings may have been adversely affected by her former counsel’s alleged ineffective assistance, see Iturribarria v. INS, 321 F.3d 889, 902 (9th Cir.2003), or by her notary’s advice to file an asylum application, see Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005).
The BIA did not abuse its discretion by denying Gomez-Villasenor’s motion to reopen, because the BIA considered the evidence Gomez-Villasenor submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. See Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion shall be reversed only if it is “arbitrary, irrational or contrary to law.”).
We lack jurisdiction to review Gomez-Villasenor’s contention that the birth of her third child warrants reopening. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (the court lacks jurisdiction over claims not presented in the administrative proceedings below).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.